# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ADVENT TRUST COMPANY, | § | Bankruptcy Case No. 01-31417 |
| Debtor. | § | Adversary No. 05-3020 |
| _____ | § | |
| | § | |
| GEORGE GRANT, | § | **CIVIL ACTION NO. H-07-2954** |
| Appellant. | § | |

## MEMORANDUM AND ORDER

Appellant George Grant filed this appeal from the Order [Doc. # 27 in Adversary No. 05-3020] entered August 13, 2007, by the United States Bankruptcy Court for the Southern District of Texas. In the August 2007 Order, the Bankruptcy Court denied Appellant's "Motion to Require Court's Order to Be Obeyed" [Doc. # 25 in Adversary No. 05-3020], asking that the Bankruptcy Trustee be required to pay Appellant $8,706.50.

In January 2005, the Liquidating Trustee ("Trustee") in the underlying Bankruptcy Case (# 01-31417)[1] filed a Complaint for Turnover and Recovery of Funds. In the Complaint, the Trustee alleged that International Finance Bank ("Bank") on

---

[1] The debtor in the underlying Bankruptcy Case, Advent Trust Company ("Advent"), marketed participation in Certificates of Deposit ("CDs") at high interest rates. Advent purchased several of these CDs, including at least two CDs owned by Appellant, from International Finance Bank.

January 19, 2000, had erroneously paid money to Appellant that should have been paid to a different party. Pursuant to Bankruptcy Code §§ 542 and 543, the Trustee sought to recover $7,359.47, apparently comprised of the erroneously-paid $5,449.28 plus interest from January 2000. The Trustee did not contend that Appellant engaged in any wrongdoing, alleging instead that the improper payment was the result of the Bank's failure to notice a discrepancy between the name on the CD at issue and a code used by the Bank to make payment. The Trustee sought to recover the funds from either the Bank or Appellant, but did not seek double recovery.

On August 5, 2005, the Trustee filed its Motion for Summary Judgment [Doc. # 13 in Adversary No. 05-3020]. By that time, the Trustee had determined that the Bank had actually paid the funds to Appellant. As a result, the Trustee advised that the Bank should be dismissed as a defendant in the Adversary Proceeding. The Trustee continued to seek recovery from Appellant the $5,449.28 payment plus interest from January 19, 2000, post-judgment interest, and attorneys' fees in the amount of $8,706.50.

On August 19, 2005, the Trustee filed a Motion to Withdraw Motion for Summary Judgment and to Dismiss Adversary Proceeding [Doc. # 14 in Adversary No. 05-3020]. The Trustee represented that Appellant had returned the funds on August 18, 2005. On August 23, 2005, the Bankruptcy Judge signed an order [Doc. # 15 in

Adversary No. 05-3020] granting the Trustee's Motion to Withdraw the Motion for Summary Judgment and dismissing all claims against the Bank, with the Bank to pay its own costs. The Bankruptcy Judge also ordered that the Adversary Proceeding was dismissed, "with each party to pay its own costs." The Order further reflected that "all relief not granted herein is denied," thus denying the Trustee's request in the withdrawn Motion for Summary Judgment for an award of $8,706.50 in attorney's fees.

In a pleading filed June 9, 2006, and again in other filings, Appellant alleged that he paid $8,706.50 in "court costs," and sought return of that sum because "none of the problems were caused by the Grant Trust" and because the Bankruptcy Judge ordered "each party to pay its own costs."[2]

There is nothing in the record on appeal, or in the records of Bankruptcy Proceeding 01-31417 or Adversary Case 05-3020, to indicate that Appellant was ever ordered to pay the Trustee attorneys' fees in the amount of $8,706.50 or in any other

---

[2] *See* "Request that Courts Ruling be Obeyed" filed June 9, 2006 [Doc. # 355 in Bankruptcy Case No. 01-31417]. *See also* Letter from George Grant to Hon. Letitia Z. Clark, filed Sept. 8, 2006 [Doc. # 20 in Adversary No. 05-03020; Letter from George Grant to Ann Ziegler, filed Sept. 8, 2006 [Doc. # 21 in Adversary No. 05-03020]; Letter from George Grant to Ann Ziegler, filed Dec. 6, 2006 [Doc. # 22 in Adversary No. 05-03020]. Grant has made other requests for this relief. *See, e.g.*, "Request that Courts Ruling be Obeyed" filed May 2, 2006 [Doc. # 351 in Bankruptcy Case No. 01-31417], which was denied for failure of Grant to submit a proposed form order pursuant to Local Bankruptcy Rule 9013 [Doc. # 353 in Bankruptcy Case No. 01-31417], and Doc. # 355, *supra*, which was also denied for failure of Grant to submit a proposed form order pursuant to Local Bankruptcy Rule 9013. Order filed June 14, 2006 [Doc. # 357 in Bankruptcy Case No. 01-31417].

amount. There is no evidence in the record to show that Appellant paid that amount to the Trustee. The Bankruptcy Court's order that each party was to "pay its own costs" indicates only that the Bankruptcy Court did not require any party to pay the costs incurred by any other party. The order does not require Appellant to pay anything more to the Trustee, and it does not require the Trustee to pay anything to Appellant. Accordingly, the Bankruptcy Court correctly denied Appellant's "Motion to Require Court's Order to Be Obeyed" by requiring the Trustee to pay Appellant $8,706.50. It is therefore

**ORDERED** that the Bankruptcy Court's August 13, 2007 Order [Doc. # 389 in Bankruptcy Case No. 01-31417/Doc. # 27 in Adversary No. 05-3020] is **AFFIRMED** and this Bankruptcy Appeal is **DISMISSED**. The Court will issue a separate final Order.

SIGNED at Houston, Texas this **4th** day of **October, 2007**.

Nancy F. Atlas
United States District Judge